IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**PRUETT FOREST PRODUCTS, INC.,** :
an Alabama Domestic Corporation, :
d/b/a G-PLEX, INC. and f/k/a WHITE & :
**PRUETT FOREST PRODUCTS, INC.,** :
:
    Plaintiff, :
:
    v. : Civil Action No. 5:10-CV-248 (HL)
:
**CIRCLE M COMPANY, LLC,** :
a Georgia Limited Liability Company, :
d/b/a **KAUFFMAN GAZEBOS,** :
:
    Defendant. :
_____

**ORDER**

On June 25, 2010, Plaintiff filed this matter in the Macon Division of the United States District Court for the Middle District of Georgia. Because federal courts have only limited jurisdiction, part of the Court's initial review process requires the Court to determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction

requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Plaintiff alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiff states that it is an Alabama corporation, with its principal place of business in Alabama. Plaintiff alleges that Defendant is a Georgia limited liability company with its principal place of business in Georgia.

For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, a limited liability company could be deemed a citizen of more than one state. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id. In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking, as Plaintiff failed to identify the citizenship of each of the members of Defendant.

As a result of this deficiency, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction. However, the Court is of the opinion

that Plaintiff should be allowed to amend to correct the deficiencies. This does not mean that Plaintiff is to make a blanket statement that the members of the LLC are each citizens of Georgia. Plaintiff is to identify each member of the LLC and provide his, her, or its place of citizenship.

Plaintiff shall have until July 9, 2010 in which to file an amendment that conforms to the findings of this Order. Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 29th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh